U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 AUG 21  PM 4: 30

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL TOBIN, )
 )
Plaintiff, )
 )
v. ) Case No. 2:19-cv-213
 )
JIM BAKER, COMMISSIONER OF VERMONT )
DEPARTMENT OF CORRECTIONS, )
CENTURION OF VERMONT, LLC, )
and UNKNOWN DEFENDANTS, )
 )
Defendants. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING MOTION TO DISMISS WITHOUT PREJUDICE,
AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**
(Docs. 8 & 12)

On November 20, 2019, Plaintiff Michael Tobin filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Jim Baker, the Commissioner[1] of the Vermont Department of Corrections ("DOC"), Centurion of Vermont, LLC ("Centurion"), and unknown Defendants (collectively, "Defendants") failed to provide adequate healthcare for his HIV and Hepatitis C infections in violation of his constitutional rights. On July 15, 2020, the Magistrate Judge issued a Report and Recommendation ("R & R") (Doc. 12), wherein he recommended the court grant Defendants' motion to dismiss (Doc. 8). Plaintiff had not filed an opposition. No party has filed an objection to the R & R, and the time period to do so has expired.

Plaintiff is self-represented. Defendants are represented by Pamela L.P. Eaton, Esq. and Stephen J. Soule, Esq.

---

[1] Since Plaintiff filed his Complaint, Michael Touchette resigned as the DOC Commissioner.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his seventeen-page R & R, the Magistrate Judge correctly concluded that Plaintiff lacks standing to assert claims for injunctive and declaratory relief because he failed to establish a likelihood of future harm as he "cannot rely solely on past injuries; rather, the plaintiff must establish how he . . . will be injured prospectively[.]" *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012).

The Magistrate Judge also recommended dismissal of Plaintiff's claims for monetary damages against Defendant Baker in his official capacity because § 1983 does not authorize suits against state officers in their official capacities, *Hafer v. Melo*, 502 U.S. 21, 26 (1991), and Eleventh Amendment sovereign immunity bars suits for monetary damages against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). Regarding Plaintiff's claim for monetary damages against Defendant Baker in his individual capacity, the Magistrate Judge properly determined that Plaintiff failed to allege that Defendant Baker was personally involved in the alleged constitutional violations. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

Finally, because Plaintiff failed to allege that Defendant Centurion provided inadequate medical care pursuant to an official policy or custom, the Magistrate Judge did not err in recommending dismissal of Plaintiff's claim against it. *See Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort.") (citations, alteration, and internal quotation marks omitted). The court agrees with the Magistrate Judge's well-reasoned conclusions and adopts them in their entirety.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). The court thus grants Plaintiff leave to file an Amended Complaint within twenty (20) days from the date of this Order.

If Plaintiff chooses to file an Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will take the place of the initial Complaint in all respects. For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet. Failure to file an Amended Complaint in the time period provided may result in the dismissal of this case.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 12) as the court's Opinion and Order; GRANTS Defendants' motion to dismiss Plaintiff's Complaint without prejudice (Doc. 8); and GRANTS Plaintiff leave to file an Amended Complaint within twenty (20) days of the date of this Order.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of August, 2020.

Christina Reiss, District Judge
United States District Court